SIMPSON ' v. MECCA FIRE INS. CO. OF WACO.·

(Court of Civil Appeals of Texas.  April 2, 1910.  Rehearing Denied May 14, 1910.)

1. Insurance (§ 665*)—Fire Insurance—Increase of Hazard.

In an action on a fire insurance policy, evidence *held* to show that plaintiff increased the risk, in violation of the provisions of the policy, by dividing the house into three distinct parts after the policy was issued, and having each part occupied as apartments.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1714; Dec. Dig. § 665.*]

2. Appeal and Error (§ 1062*)—Harmless Error—Affecting Party Not Entitled to Succeed.

Where the policy sued on was absolutely void by reason of the violation of a provision therein, any error in failing to submit the issue of plaintiff's ownership of the building site became immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

Error from Mitchell County Court; A. J. Coe, Judge.

Action by C. W. Simpson against the Mecca Fire Insurance Company of Waco, Tex. Judgment for defendant, and plaintiff brings error. Affirmed.

F. G. Thurmond and Theodore Mack, for plaintiff in error.  W. L. Eason, for defendant in error.

CONNER, C. J.  While we incline very much to the view of plaintiff in error that the evidence on the issue of his ownership of the land upon which the burnt house was located was such as to require the submission of the issue to the jury, nevertheless we feel compelled to affirm the judgment on the ground that the undisputed evidence shows that plaintiff in error violated that provision of his policy which forbids an increase of the hazard by any means within the control or knowledge of the insured.

It is undisputed that the policy upon which plaintiff in error sued provides: "This policy shall be entirely void (in toto as to every part and parcel, subject and division thereof) if the hazard be increased by any means within the control or knowledge of the insured." It is also undisputed, as plaintiff in error himself testified, that, after the policy was written, he divided the house into three separate and distinct parts, that each part was occupied for different purposes, and that each of the several occupants carried keys to the respective parts over which they had sole control.  Every witness testified that such division and occupancy increased the hazard of the risk.  The only one relied upon by plaintiff in error as showing otherwise is the witness C. B. Harness.  He testified that: "I consider that a family in a building and using it as a dwelling is more hazardous than the apartments in a house." He says again: "There is a difference between a house occupied by three parties and a house that has been divided into three parts.  I do not consider that the hazard is increased by other parties being in the house, but if the house is divided into two or more parts, and each party carries the key to his part and has access to it any time that suits him, then I consider that the hazard has been increased." It was also shown without dispute in the testimony that a division and occupancy of a house as indicated by the evidence of plaintiff in error increased the rates of insurance which in some of the authorities is made decisive on the issue of whether the risk has been increased.  See 1 May on Insurance, §§ 218, 220, 222, 223, 231. See, also, authorities cited in 28 Century, cols. 1399, 1400.

In view of the conclusion above stated, other assignments become immaterial, and it is ordered that the judgment be affirmed for the reason stated.